UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ERIC DANIEL ROGERS, | ) | |
|---|---|---|
| | ) | Case No. 3:21-cv-135 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| STATE OF TENNESEE, HAWKINS | ) | |
| COUNTY JAIL MEDICAL | ) | |
| DEPARTMENT, MELISSA HUNT, | ) | |
| EMMA NURSE, and CARMEN NURSE, | ) | |
| | ) | |
| *Defendants*. | ) | |

# MEMORANDUM OPINION

Plaintiff, a prisoner of the State of Tennessee confined in the Hawkins County Jail, has filed a *pro se* complaint for violation of 42 U.S.C. § 1983 challenging jail charges for medications and medical visits (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*Id.*) that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate of the Hawkins County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville, Tennessee 37902, as an

initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General for the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

Plaintiff takes medication for anxiety and depression and requires two types of insulin to keep him alive (*Id.* at 4). While in the Hawkins County Jail, Plaintiff has been charged for sick calls, including a ten-dollar charge for Defendant Nurse Hunt rechecking his blood sugar, even though he did not ask her to do so (*Id.*). He also is charged fifteen dollars a month for his medications (*Id.*). But Plaintiff believes that, due to his status as a State of Tennessee inmate, he should not have to pay for medication and/or medical care (*Id.* at 3–4). Plaintiff has sued the State of Tennessee, the Hawkins County Jail Medical Staff, and Nurses Melissa Hunt, Carmen, and Emma (*Id.* at 1, 3). As relief, Plaintiff seeks a refund of the money he has been charged and a transfer to a new facility (*Id.* at 5).

### C. Analysis

Plaintiff's assertion that he is charged for medical services and medications as a state inmate in the Hawkins County Jail fails to allege a constitutional violation. Specifically, while Plaintiff has a protected property interest in his money, *Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001), he alleges only that he was charged ten dollars for a medical visit and that he is charged fifteen dollars per month for two types of insulin and medication to treat his anxiety and depression. However, the Sixth Circuit has found that such charges are constitutional. *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) (holding that "it is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay"); *Bailey*, 15 F. App'x at 251 (affirming a district court's dismissal of claims challenging nominal medical fees charged in jails as frivolous). Nothing in the complaint suggests that Plaintiff has been denied any medications or medical care based on any inability to pay.

Thus, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

<u>/s/*Travis R. McDonough*</u>
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**